UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALEXANDER L. KAPLAN; DENISE A. KAPLAN,

        Plaintiffs,

vs.      Case No.  2:06-cv-625-FtM-29SPC

DIVOSTA HOMES, L.P., and VILLAGE WALK OF BONITA SPRINGS HOMEOWNERS ASSOCIATION, INC.,

        Defendants.
_____

## OPINION AND ORDER

    This matter comes before the Court on defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. #4) and plaintiff's Motion to Remand (Doc. #18). Responses to each motion have been filed (Docs. #11, #19).

    On November 16, 2006, the case was removed from the Twentieth Judicial Circuit Court, in and for Lee County, Florida on the basis of diversity of citizenship.  Defendant then filed a Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. #4).  On January 3, 2007, while the motion to dismiss was pending, plaintiff moved for leave to amend the Complaint to add a non-diverse party (Doc. #14).  This was granted pursuant to Rule 15(a) (Doc. #15), and an Amended Complaint (Doc. #17) was filed on January 5, 2007.  On January 16, 2007, plaintiff filed a Motion to Remand (Doc. #18) on the basis of the added non-diverse

party. On February 16, 2007, plaintiff filed a Motion to Amend the Complaint (Doc. #21) to add a claim, which was granted by the Court (Doc. #23). The Second Amended Complaint (SAC) (Doc. #24) is now the operative pleading.

The Court finds that the original Motion to Dismiss (Doc. #4) is mooted by the Second Amended Complaint. Therefore, this motion will be denied as moot.

The Court will apply the Motion to Remand to the Second Amended Complaint, which continues to name the non-diverse party. Since the Court performed the wrong legal analysis in deciding that the non-diverse party could be added in the first place, the Court will also reconsider the request to add the non-diverse party.

**I.**

The relevant factual allegations are as follows: Plaintiffs purchased a home in Island Walk in 2000. At that time, plaintiffs submitted an application for permission to erect a six foot fence including shielding by bushes or shrubbery. The Architectural Review Board, controlled by Divosta before the turnover, approved the fence and plants. (Doc. #24 at ¶¶ 10, 11-12.) A few years later, plaintiffs decided they needed a larger home, and in or about April 2005, plaintiffs visited Village Walk and were placed on a mailing list for future construction. (Id. at ¶¶ 13, 14.) Divosta Homes L.P. (Divosta), a foreign home builder who owned, operated, managed, maintained and/or otherwise controlled Village Walk, a residential community, marketed homes to plaintiffs and the

public. (Id. at ¶¶ 2, 4, 9.) A few months later, plaintiffs re-visited Village Walk, id. at ¶ 15, and a few months after that, plaintiffs were called and signed a contract for a new home, id. at ¶ 18.

Upon the purchase of the new home in Village Walk, plaintiffs stated that they would like to erect a fence much as they had done previously in Island Walk. Plaintiffs were informed that the request would have to be submitted to the Architectural Review Board (ARB). (Id.) Just prior to the closing, plaintiffs did the walk-through and again addressed the issue of the fence, making it known their intent and discussing setbacks, etc., and the placement of the fence. Plaintiffs were told "there was no problem with the proposed placement and to submit it to the ARB as before for approval. . . . [and] the application to the ARB was just a formality." (Id. at ¶¶ 24, 80.)

After closing, plaintiffs applied to the ARB for permission to erect the fence and provided detailed site plans showing that the "yard fence" would not be visible from the street. (Doc. #24, ¶¶ 81-82.) Defendants, through the ARB, denied the application claiming insufficient documentation. (Id. at ¶¶ 83-84.) Plaintiffs contacted the property manager liaison who upon review of the documentation placed the issue on the agenda for the next month, and then attended the June 2006 meeting. (Id. at ¶¶ 85-86.) The request was denied again because the "proposed fence would make the community 'look like a compound.'" (Id. at ¶ 86.) Plaintiffs

-3-

argue that there was limited public visibility to the side yard, but the application was denied. (Id. at ¶¶ 87-88.) Plaintiffs then applied to the Board of Directors, only to be denied again despite the existence of other fences in Village Walk that are not shielded and are visible from the street. (Id. at ¶¶ 89-91.) Plaintiffs argue the decision was arbitrary and capricious.

**II.**

The decision concerning whether to allow a complaint which has been removed from state court to be amended is governed not by Rule 15(a) but by 28 U.S.C. § 1447(e). Ingram v. CSX Transp., Inc., 146 F.3d 858, 862 (11th Cir. 1998). Pursuant to 28 U.S.C. § 1447(e), "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." A district court has only two options: (1) deny the requested joinder, or (2) allow the joinder and remand the case to state court. Ingram, 146 F.3d at 862.

Based on the allegations in this case, the Court concludes that the non-diverse party should be joined in this case. Therefore, the Court approves the Order (Doc. #15) allowing joinder, but on different grounds than set forth in that Order. Defendant's expansive reading of Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426 (1991) has not been accepted by the Eleventh Circuit. Ingram, 146 F.3d at 861. Since joinder will be allowed, the case must be remanded to state court.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Defendant Divosta Homes, L.P.'s Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. #4) is **DENIED** as moot.

2. Plaintiff's Motion to Remand to the Circuit Court of Lee County (Doc. #18) is **GRANTED**. The Clerk is **directed** to remand the case to the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida, and to transmit a certified copy of this Opinion and Order to the Clerk of that Court.

3. The Clerk shall terminate all deadlines and remaining motions (Doc. #26) as moot and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __14th__ day of May, 2007.

_____
JOHN E. STEELE
United States District Judge

Copies:
U.S. Magistrate Judge
Clerk, Lee County
Counsel of record
DCCD